# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CARLOS JAVIER ROSADO,

      Plaintiff,

v.                                        Case No. 5:20-cv-368-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

      Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Carlos Javier Rosado ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a back injury, depression, and anxiety. See Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"),

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed May 10, 2021; Reference Order (Doc. No. 18), entered May 10, 2021.

filed January 6, 2021, at 88, 103, 290. Plaintiff filed an application for DIB on June 21, 2018, alleging a disability onset date of October 14, 2014.[3] Tr. at 253-54. The application was denied initially, Tr. at 87-99, 100, 101, 121-23, and upon reconsideration, Tr. at 102-18, 119, 120, 125-30.

On August 18, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-86. Plaintiff was thirty-five years old at the time of the hearing. Tr. at 41. On October 1, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a statement in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order, 387-88 (Plaintiff's statement). On June 4, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 10, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[3]  Although actually filed on June 21, 2018, see Tr. at 253, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 20, 2018, see, e.g., Tr. at 87.

On appeal, Plaintiff argues: 1) the ALJ improperly found that Plaintiff's "mental health issues improved with medication and were thus not disabling"; and 2) the ALJ's evaluation of Plaintiff's treating mental health counselor's opinion is flawed. Plaintiff's Memorandum of Law (Doc. No. 20; "Pl.'s Mem."), filed July 6, 2021, at 16, 21. Responding, Defendant contends: 1) "substantial evidence supports the ALJ's mental RFC finding" and 2) the ALJ properly evaluated the treating mental health counselor's opinion. Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."), filed September 1, 2021, at 4, 8. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 18-28. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since October 14, 2014, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar disc bulging, spinal stenosis, and radiculopathy; obesity; sleep apnea; right leg quadriceps contusion; hyperlipidemia; chronic fatigue; chronic pain; vitamin D deficiency; depressive disorder; anxiety disorder; posttraumatic stress disorder; and agoraphobia with panic disorder." Tr. at 18-19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except [he] needs the option to stand every 45 minutes for one to two minutes while continuing to work while standing. He can occasionally stoop, kneel, crawl, crouch, and climb ramps or stairs. He cannot climb ladders, ropes, or scaffolds. He must avoid hazards such as unprotected heights. He can understand and remember simple instructions. He can sustain attention, consistent effort and pace for simple, routine tasks involving only simple work-related decisions. He can have occasional interaction with the general public that is brief and superficial in nature, but not in large crowded public environments.

Tr. at 22 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Truck Driver," a "Retail Shift Supervisor," a "Metal Cutter," and a "Retail Sales Clerk." Tr. at 27 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("30 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Document Preparer," "Circuit Board Assembler," and "Addressor." Tr. at 28 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October

14, 2014, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As explained earlier, Plaintiff challenges the ALJ's finding that his mental health issues improved sufficiently with medication so as not to be disabling (and thus sufficiently accounted for in the assigned RFC), and the ALJ's handling of the opinion rendered by his treating mental health counselor, Joyce Urban, LMHC. See Pl.'s Mem. at 16-25. These issues are related and are addressed together.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his DIB application after that date, the undersigned applies the revised rules and Regulations.[5]

Under the new rules and Regulations, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[6] The following factors are relevant in determining the weight to be given to a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors,

---

[5] Plaintiff argues the Court should apply the "treating physician rule" adopted by the United States Court of Appeals for the Eleventh Circuit in interpreting the prior SSA rules and regulations. See Pl.'s Mem. at 21-23. But, the treating physician rule applies to physicians. Ms. Urban, whose opinion is at issue, is a mental health counselor. So, the rule would not apply regardless of whether it carries over to the new regulations.

[6] "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).

When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Here, at issue are the ALJ's findings about Plaintiff's mental RFC and about the opinion of Plaintiff's treating mental health counselor, Ms. Urban. Mr. Urban provided her opinion on a Mental RFC Assessment form dated April 30, 2019. See Tr. at 563-66, 677-80 (duplicate). On the form, Ms. Urban assigned

a number of marked and extreme limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. Tr. at 564-66. She stated that Plaintiff's impairments would substantially interfere with his ability to work on a regular and sustained basis at least 20% of the time, and he would miss work 10 days per month because of his mental impairments and treatment. Tr. at 566. In short, Ms. Urban's opinion, if accepted, would result in a disability finding.

Regarding Plaintiff's mental health and work-related limitations, the ALJ summarized the mental health treatment records, Tr. at 24-25, and concluded:

> In general, [Plaintiff]'s mental health treatment records show a positive response to medications, which result in numerous normal mental examination findings. Moreover, [Plaintiff] was able to perform considerable work activities as a driver that require concentration and interacting with people. Therefore, the undersigned concludes that [Plaintiff] can understand and remember simple instructions. He can sustain attention, consistent effort and pace for simple, routine tasks involving only simple work-related decisions. He can have occasional interaction with the general public that is brief and superficial in nature, but not in large crowded public environments. Accordingly, the undersigned finds that the objective mental health medical evidence regarding [Plaintiff's] depressive disorder, anxiety disorder, posttraumatic stress disorder, and agoraphobia with panic disorder supports the [assigned] mental [RFC] assessment.

Tr. at 25.

> Regarding Ms. Urban's opinion, the ALJ wrote:
>
>> The record contains an opinion from Joyce Urban, LMHW, dated April 30, 2019. Ms. Urban provides biweekly therapy to [Plaintiff]. She provided an opinion finding that [Plaintiff] has marked to extreme limitations in performing mental functional activities including interacting with others and sustaining a workday. This opinion is inconsistent with the therapy notes throughout the course of the period at issue. Specifically, [Plaintiff] often reported that he was improved or doing well with medications. His exacerbations are infrequent and appear to be improved with conservative care and medication adjustments.

Tr. at 27 (citation omitted).

Plaintiff, in contending the ALJ erred as to the overall mental health findings, argues "the record as a whole" does not support the conclusion that Plaintiff's mental health improved with medication. Pl.'s Mem. at 17. Responding to this argument, Defendant asserts the ALJ appropriately reviewed the evidence and rendered a mental RFC that is supported by substantial evidence. Def.'s Mem. at 7-8. As to Plaintiff's second argument, that the ALJ erred in assessing the opinion of Ms. Urban, Defendant contends the ALJ "sufficiently evaluated Ms. Urban's opinion in accordance with the new regulations." Id. at 15.

The ALJ's findings regarding Plaintiff's mental health improving with medication and regarding Ms. Urban's opinion are not supported by substantial evidence. As to the finding that Plaintiff has "a positive response to

medications," Tr. at 25, the record as a whole does not support this finding. Rather, it reflects that while there are a few earlier instances noted of Plaintiff being stable on his medication and/or it remaining unchanged, see Tr. at 438, 589, 591-92, 595, 597-98, 630-31, 658-59, Plaintiff's medication was often changed—particularly later in his treatment—because it was either ineffective in managing his depression and anxiety (despite his compliance) or because it was causing a quite serious side effect of tardive dyskinesia, see Tr. at 627-29 (April 25, 2017 note reflecting starting Wellbutrin for anxiety), 444-46, 600-02 (duplicate) (May 8, 2018 note reflecting depression and anxiety not well managed; Escitalopram added), 584-85 (February 11, 2019 note starting Citalopram Hydrobromide), 582 (March 7, 2019 note reflecting discussion of medication concerns and switching Plaintiff to Aripiprazole and Alprazolam), 579-80 (April 19, 2019 note reflecting severe depression on screening and changing medication to Duloxetine "[d]ue to increased depression and anxiety while on Abilify"), 572-74 (May 10, 2019 note reflecting severe depression on screening; continued anxiety causing problems leaving the house; physician's assistant's assessment that Plaintiff was "not under good control" despite having his "mental health meds adjusted by several different providers"; the "start of tardive dyskinesia symptoms"; and the provider stopping Buspirone), 570 (May 31, 2019 note reflecting increased dosage of Duloxetine).

The ALJ (and Defendant) relied to a degree on Plaintiff successfully

driving for Uber during the relevant time period to show he could "concentrat[e] and interact[] with people." Tr. at 25; Def.'s Mem. at 7, 16-17. While it is true that Plaintiff did drive for both Uber and Lyft during the relevant time period, see Tr. at 53-57, the counseling notes reflect Plaintiff had difficulties doing so, see Tr. at 673-74 (March 2019 note stating Plaintiff was "still not making $," "uncomfortable in car"), Tr. at 683-84 (June 2019 note reflecting: "Uber-challenges getting out of the house"). Combined with the prior, more problematic finding regarding Plaintiff's mental functioning, this matter must be reexamined on remand.

Moreover, the ALJ's rejection of Ms. Urban's opinion because it was "inconsistent with the therapy notes," Plaintiff "often reported that he was improved or doing well with medications," and Plaintiff's "exacerbations are infrequent and appear to be improved with conservative care and medication adjustments," Tr. at 27, is not supported by substantial evidence either.[7]

To start, the alleged improvement with medication adjustments and Plaintiff's exacerbations in mental issues have already been discussed. Next, the ALJ's reliance on the opinion being inconsistent with the therapy notes is not supported. These notes reflect that while "medication takes the edge off on

---

[7] Ms. Urban, as a licensed mental health counselor, does not appear to be an "[a]cceptable medical source" under the new regulations. See 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). But, the ALJ did not rely on this fact in discounting her opinion.

hostility," Plaintiff reported over the course of therapy feeling "he is just taking up space," like he has "no purpose," feeling "shame," "embarrassed," "judged," Tr. at 664, "apathy," increased anxiety, decreased confidence, Tr. at 666, wanting to be left alone, Tr. at 668, "feeling useless," Tr. at 670, "not having fun," "no intimacy," not "know[ing] what to do," Tr. at 672, not caring about appearance and not wanting to communicate with anyone, feeling "defeated," Tr. at 676, feeling "like he is drowning," inability to "quiet [his] mind," "feeling melancholy," Tr. at 682, sleeping a lot, not playing video games, etc. Tr. at 684; see also Tr. at 66 (Plaintiff testifying to feeling "[h]elplessness, sad, melancholy, anger, extreme depression" and not leaving the house for weeks or even up to a month). In short, the ALJ's reasons for discounting Ms. Urban's opinion are not supported by substantial evidence. Moreover, Plaintiff testified during his hearing that he was no longer seeing Ms. Urban due to insurance issues, and he was "worse" as a result. Tr. at 60.

The matter must be reversed and remanded for further consideration of Plaintiff's mental impairments, including Ms. Urban's opinion as to his functioning.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to

sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the evidence relating to Plaintiff's mental impairments;

(B) Reconsider the opinion of Ms. Urban; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on January 19, 2022.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record