# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CARLOS JAVIER ROSADO,

      Plaintiff,

v.                                                  Case No. 5:20-cv-368-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.
_____

## **O R D E R**

This cause is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act Section 206(b)(1) (Doc. No. 29; "Motion"), filed March 3, 2025. Plaintiff's counsel seeks an award of $14,826.23 pursuant to 42 U.S.C. § 406(b). See Motion at 1-3. This amount equals close to twenty-five percent of past-due benefits awarded to Plaintiff and his minor child that were withheld by the Administration as payment for fees. Id. at 2; see Notices of Award (Doc. No. 29-2). Defendant takes no position on the Petition. Id. at 3. On April 29, 2025, the undersigned entered an Order indicating that due to a discrepancy between counsel's stated amount of awarded benefits and the actual notice of award by the SSA, the Court intended to award a slightly

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

altered figure of $14,539.54 absent objection by either party by May 14, 2025. See Order (Doc. No. 30). Neither party has objected.

> Section 406(b)(1)(A) states in pertinent part:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id.

2

at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA

3

fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, counsel represented Plaintiff in his appeal of the Commissioner's denial of social security benefits, and this Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings, which ultimately resulted in an award of past-due benefits. Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits. Fee Agreement - Federal Court Social Security Appeal (Doc. No. 29-1). Counsel represents that she is aware of her obligation to return to Plaintiff the previously-awarded EAJA fees in the amount of $5,177.33. Motion at 3; see Order (Doc. No. 27) (granting EAJA fees). Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the amount requested (as slightly altered) is reasonable and due to be awarded.

For the foregoing reasons, it is

**ORDERED**:

1.     Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act Section 206(b)(1) (Doc. No. 29) is **GRANTED in part and DENIED in part**.

2. The Motion is **GRANTED** to the extent that Plaintiff's counsel, Suzanne L. Harris, is awarded $14,539.54 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Ms. Harris the sum of $14,539.54 from the past-due benefits withheld in accordance with agency policy. Ms. Harris shall refund to Plaintiff the $5,177.33 that counsel received under the Equal Access to Justice Act. The Motion is otherwise **DENIED**.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on May 28, 2025.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record